This was an action of trespass qua/re clcmsvm fregit in the circuit court of Grainger county brought by Hip-shire against Collins. On the trial the plaintiff read a Tennessee grant to himself for one hundred and eighty *110 acres, dated June 21, 1834, and founded on an entry dated March 28, 1829. Plaintiff also proved that he had lived within the boundaries described in this grant for fifty three years, claiming to th¿ boundaries as marked. The defendant read a grant to himself for twenty-five acres, dated July 13, 1830, founded on an entry, dated February 17, 1827. This twenty-five acres is within the boundaries of the one hundred and eighty acre grant read by the plaintiff, and it was upon the twenty-five acres so granted to the defendant that the trespass, (cutting trees,) was alleged to have been committed. The plaintiff ?s improvements or enclosures did not include any part of the twenty-five acres, though he had claimed the one hundred and eighty acres, on a part of which he had lived for more than twenty-five years, having at no time, however, any other title than his grant above mentioned. The defendant had no improvements of any kind on the twenty-five acres. The circuit court charged the jury, “That a possession of a party, without color of title, claiming to certain marked boundaries for twenty years before the commencement of the suit, would authorise the presumption of a grant to those boundaries, without any recognition of the boundaries by the adjacent owners, or any entries or grants, calling for the lines.” There were verdict and judgment for the plaintiff and the defendant appealed in error.
Upon the foregoing facts the court held, TotteN, J., delivering the opinion:
The instructions to the jury are erroneous. It is true, that when a party has twenty years possession of land, *111 claiming to be owner, a grant will be presumed to tbe' extent of tbe possession. But as to tbe character and extent of tbe possession, upon wbicb a grant may be presumed, they are- governed by tbe same principles wbicb govern in tbe case of an adverse possession under tbe second section of tbe act of limitations of 1819, cb. 28.
If tbe tenant bave any color of title; as for instance, an entry or title-bond, defining tbe limits of bis claim, bis possession will extend to such limits. But if be bave a mere naked possession, without any color of title, bis claim must be confined and limited to bis actual possession; that is, to bis enclosures or aetual occupation, and it cannot be extended by a claim to marked lines merely. What is actual possession is another question, not here involved, or at least, not necessary to be stated.
Reverse tbe judgment and remand tbe. cause for a new trial.
Judgment reversed.